UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MATTHEW JONES

                              Plaintiff,

               *-against-*                 **COMPLAINT**

                                                                    Case No.: 16-cv-8080

                                                                    PLAINTIFF DEMANDS TRIAL
                                                                  BY JURY

THE CITY OF NEW YORK,
POLICE OFFICER ADAM MUNIZ,
POLICE OFFICER MICHAEL VACCARO,
POLICE OFFICER JOHN DOE #1,
POLICE OFFICER JOHN DOE #2, *and*
POLICE OFFICER JANE DOE

                              Defendants
------------------------------------------------------------------X

      Plaintiff, MATTHEW JONES, by his attorney, Alexis G. Padilla, complaining of the defendants, THE CITY OF NEW YORK, POLICE OFFICER ADAM MUNIZ, *Shield No.: 31861*, POLICE OFFICER MICHAEL VACCARO, *Shield No.: 31892*, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2 and POLICE OFFICER JANE DOE, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

      1.    This is a civil rights action in which the Plaintiff, MATTHEW JONES, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is of full age and resides in New York City, New York County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendant Police Officers.

7. Defendant POLICE OFFICER ADAM MUNIZ was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein,

Defendant P.O. MUNIZ acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8.      Defendant POLICE OFFICER MICHAEL VACCARO was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. VACCARO acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9.      Defendant POLICE OFFICER JOHN DOE #1 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. JOHN DOE #1 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of

the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

10. Defendant POLICE OFFICER JOHN DOE #2 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. JOHN DOE #2 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

11. Defendant POLICE OFFICER JANE DOE was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. JANE DOE acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of her duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in her by the City of New York and the New York Police Department, and was otherwise performing and engaging in

conduct incidental to the performance of her lawful functions in the course of his duty. She is sued individually and in her official capacity.

## STATEMENT OF FACTS

12. Plaintiff has an uncle named Jonathan Mansey.

13. In early April of 2015 Mr. Mansey went into the hospital. At that time, Mr. Mansey was already in significant pain from an earlier injury. As a result of this injury Mr. Mansey was receiving pain medication. While he was in the hospital, Mr. Mansey arranged for Plaintiff, his nephew, to pick up his prescription pain medication and also to cash his pay check, so that he would have money on hand upon his return from the hospital.

14. When Mr. Mansey was released from the hospital he arranged to meet plaintiff in the lobby of his residence at 112 East 128th Street in New York City, New York County, New York.

15. The two met at that place on April 7, 2015 at or around 7:30 p.m.

16. As they entered the stairwell of the building, two police officers, upon information and belief defendants P.O. MUNIZ and P.O. VACCARO followed and stopped them.

17. Defendant P.O. VACCARO asked plaintiff to consent to a search.

18. Plaintiff obliged and stated to defendants P.O. MUNIZ and P.O. VACCARO that he had nothing to hide.

19. Defendant P.O. VACCARO then frisked plaintiff and found the prescription drug bottle.

20. Defendant P.O. VACCARO immediately grabbed plaintiff's arm to handcuff him.

21. Plaintiff, who was holding the money that he intended to give his uncle in his other hand, attempted to explain that the situation was perfectly legal, but the defendant officers forced him to the ground, where he landed on top of his arm, still holding the money in his hand but with defendant Police Officers MUNIZ and VACCARO on top of him.

22. Within moments, other police officers arrived, and among these was defendant Police Officer JANE DOE who began to jab plaintiff in his left shoulder with a metal police issued ASP and demand that he release his arm and open his hand, even though plaintiff had no way of complying with this order as his arm was pinned underneath him by the weight of the officers' bodies on top of him.

23. Next, Police Officer JOHN DOE #1 sprayed pepper spray into plaintiff's face and again ordered that he release his arm despite plaintiff having no way of getting his arm out from beneath the scrum of bodies piled on top of him.

24. Next, plaintiff heard a voice say, "Hit him."

25. Then he felt an electric shock penetrate his body through the center of his back as defendant Police Officer JOHN DOE #2 stunned him with a police issued Taser.

26. The jolt from the shock made plaintiff's body spring upward, releasing his arm.

27. Plaintiff was immediately handcuffed and taken to a police vehicle.

28. From the scene he was transported directly to Harlem Hospital, where the coils from the Taser were removed from his back.

29. From Harlem Hospital, plaintiff was transported to 125th Street Precinct and then to central bookings, where he was processed, arraigned and released after a period of detention lasting approximately 24 hours.

30. All charges against plaintiff were eventually dismissed.

## AS FOR A CAUSE OF ACTION

### *Deprivation of Rights protected by 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution as against all defendants*

31. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

32. At all times during the events described above defendants lacked probable cause to arrest plaintiff.

33. At all times during the events described above defendants lacked probable cause to charge plaintiff with any criminal offense.

34. All of the aforementioned acts of defendants were carried out under the color of state law.

35. All of the aforementioned acts of defendants deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

36. The acts complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

37. The acts complained of deprived plaintiff of his rights:

   A. To be free from excessive force;

   B. To be free from false arrest;

   C. To be free from unwarranted and malicious criminal prosecution;

   D. To be free from deprivation of liberty without due process of law; and

   E. To receive equal protection under the law.

## SECOND CAUSE OF ACTION

*Failure to Intervene under 42 U.S.C. § 1983*

38. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

39. The Defendant Police Officers are liable for the above-stated actions of their co-defendants due to their failure to intervene and stop the use of excessive force and illegal detention against Plaintiff when Defendants knew or should have known that Plaintiff's rights were being violated.

40. The Defendant Police Officers each had a duty to intervene to prevent an obvious violation of rights by a fellow officer.

41. The Defendant Police Officers each had a reasonable opportunity to intervene.

42. The Defendant Police Officers each failed to intervene to prevent the violation of Plaintiff's rights.

43. As a direct and proximate result of the Defendant Police Officers' failure to intervene Plaintiff suffered injuries and damages as stated herein.

## THIRD CAUSE OF ACTION

*Municipal Liability under 42 U.S.C. § 1983 against the City of New York*

44. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

45. The CITY OF NEW YORK directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by Plaintiff as a result of the conduct of the Defendant Police Officers. The conduct of the Defendant Police Officers was a direct

consequence of inadequate training and supervision of police officers by Defendant CITY OF NEW YORK and its agent, the New York Police Department.

46. At all times relevant to this complaint Defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a group of police officers to batter-ram a citizen's door, invade their home with guns drawn, ransack their belongings and then simply leave when it became apparent that this was not the place they thought it was – all in flagrant violation of their sworn oath to uphold the Constitution.

47. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

48. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

49. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of Plaintiff's rights alleged herein.

**WHEREFORE,** Plaintiff demands relief jointly and severally against all of the Defendants for compensatory damages in the amount to be determined by a jury; punitive

damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 10/17/2016
Brooklyn, NY

By: /s/Alexis G. Padilla
Alexis G. Padilla, Esq. [AP8285]
*Attorney for Plaintiff*
*Matthew Jones*
575 Decatur Street #3
Brooklyn, NY 11233
917-238-2993