UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MATTHEW JONES                                    Index No.: 16-cv-08080-JGK-KNF

                Plaintiff,

         -against-                        **SECOND AMENDED COMPLAINT**

                                                        PLAINTIFF DEMANDS TRIAL BY JURY

POLICE OFFICER ADAM MUNIZ,
POLICE OFFICER MICHAEL VACCARO,
LIEUTENANT CHRISTOPHER TREUBIG, *and*
UNDERCOVER OFFICER #349
                              Defendants
----------------------------------------------------------------X

      Plaintiff, MATTHEW JONES, by his attorney, Alexis G. Padilla, complaining of the defendants, POLICE OFFICER ADAM MUNIZ, *Shield No.: 31861*, POLICE OFFICER MICHAEL VACCARO, *Shield No.: 31892*, LIEUTENANT CHRISTOPHER TREUBIG, and UNDERCOVER OFFICER #349, upon information and belief alleges as follows:

**PRELIMINARY STATEMENT**

      1.    This is a civil rights action in which the plaintiff, MATTHEW JONES, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

**JURISDICTION AND VENUE**

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

**JURY TRIAL DEMANDED**

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**PARTIES**

5. Plaintiff is of full age and resides in New York City, Queens County, New York.

6. Defendant POLICE OFFICER ADAM MUNIZ was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. MUNIZ acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

7. Defendant POLICE OFFICER MICHAEL VACCARO was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. VACCARO acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department,

in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant LIEUTENANT CHRISTOPHER TREUBIG was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant TREUBIG acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9. Defendant UNDERCOVER OFFICER #349 ("U.C. #349") was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant U.C. #349 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of her duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in her by the City of New York and the New York Police Department, and was otherwise

performing and engaging in conduct incidental to the performance of her lawful functions in the course of her duty. She is sued individually and in her official capacity.

## STATEMENT OF FACTS

10. On or about April 7, 2015 at approximately 7:30 P.M. in the vicinity of 112 East 128th Street in New York City, New York County, New York, plaintiff was in a stairwell with another individual when he was approached by defendants P.O. MUNIZ and P.O. VACCARO.

11. Defendant P.O. VACCARO asked plaintiff to consent to a search.

12. Plaintiff obliged and stated to defendants P.O. MUNIZ and P.O. VACCARO that he had nothing to hide.

13. Defendant P.O. VACCARO then frisked plaintiff and found a prescription drug bottle containing pills in his right front pants pocket.

14. Defendant P.O. VACCARO immediately grabbed plaintiff's right arm to handcuff him.

15. Defendant P.O. MUNIZ then forced plaintiff to the ground, where he landed on top of his left arm, and with defendants MUNIZ and VACCARO on top of him.

16. Defendants MUNIZ and VACCARO ordered plaintiff to release his arm and plaintiff responded that his arm was pressed underneath him and that he could not release it.

17. The defendants continued to demand that he release his arm.

18. Within moments, other police officers arrived, and among these was defendant UNDERCOVER OFFICER #349 who began to jab plaintiff in his left shoulder with a metal police issued ASP and demand that he release his arm, even though plaintiff had no way of complying with her order, as his arm was pinned underneath him by the weight of the bodies on top of him.

19. Plaintiff insisted that he was not resisting.

20. Next, one of the defendants sprayed pepper spray into plaintiff's face and again ordered that he release his arm despite plaintiff having no way of getting his arm out from beneath the scrum of bodies piled on top of him.

21. Plaintiff, suffering from a high degree of pain at this point, continued to insist that he was not resisting.

22. Then the officers suddenly let go of plaintiff, but before he could get up plaintiff heard a voice say, "Hit him."

23. Plaintiff immediately felt an electric shock penetrate his body through the center of his back as defendant LIEUTENANT CHRISTOPHER TREUBIG stunned him with a police issued electro-shock weapon (Taser).

24. Plaintiff was completely incapacitated by the pain from the shock.

25. Plaintiff was immediately handcuffed.

26. Plaintiff was taken to a police vehicle.

27. From the scene he was transported directly to Harlem Hospital, where his eyes were rinsed and the coils from the electro-shock weapon were removed from his back.

28. From Harlem Hospital, plaintiff was transported to 125th Street Precinct and then to Central Booking, where he was processed, arraigned and released after a period of detention lasting approximately 24 hours.

29. All charges against plaintiff were eventually dismissed.

### AS FOR A CAUSE OF ACTION

*Deprivation of Rights protected by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution as against all defendants*

30. Plaintiff repeats, reiterates and asserts each and every allegation contained in the

previous paragraphs with the same force and effect as if fully set forth herein.

31. At all times during the events described above defendants lacked probable cause to use force against plaintiff.

32. All of the aforementioned acts of defendants were carried out under the color of state law.

33. All of the aforementioned acts of defendants deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

34. The acts complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

35. As a result of the acts complained of plaintiff suffered extreme, acute and severe pain to his upper body, back and left shoulder.

36. At all times relevant to this complaint, defendants each had an opportunity to intervene and put a stop to their fellow defendants' willful violations of plaintiff's rights and each and every one of them failed to do so.

37. The acts complained of deprived plaintiff of his rights to due process, to be free from excessive force and to receive equal protection under the law.

**WHEREFORE,** Plaintiff demands relief jointly and severally against all of the Defendants for compensatory damages in the amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 07/26/2017
       Brooklyn, NY

                                          By:       */s/Alexis G. Padilla*
                                                 Alexis G. Padilla, Esq. [AP8285]
                                                 *Attorney for Plaintiff*
                                                 *Matthew Jones*
                                                 575 Decatur Street #3
                                                 Brooklyn, NY 11233
                                                 (917) 238-2993