**LAW OFFICE OF DAVID A. ZELMAN**
709 Eastern Parkway
Brooklyn, NY 11213
Tel: 718-604-3072
Fax: 718-604-3074

Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

July 27, 2020

Re: Matthew Jones v. Police Officer Adam Muniz, et. al.
Civil Case#: 16-cv-8080 (JGK)

Honorable John G. Koeltl:

    In accordance with this Court's July 18, 2020 order, Plaintiff submits the accompanying proposed judgment and writes to explain the sole disagreement between the parties. Please note that the vast majority of discussions referred to in this letter were conducted by Amir Ali, Esq. with the City defendants' counselor, Ms. Melanie Speight.

    Plaintiff's proposed judgment is the result of substantial back-and-forth with counsel for Defendants, in which Plaintiff incorporated all of Defendants' demands except one.[1] On Friday, July 25, 2020, counsel for defendants informed Plaintiff that Defendants agree with the substance and accuracy of Plaintiff's proposed judgment. However, counsel for Defendants informed Plaintiff that Defendants would not agree to any proposed judgment which recognized that the jury's verdict awarded nominal and punitive damages. Defendants informed Plaintiff that they would agree to a joint proposed judgment only if it referred to "damages" generally and aggregated the amounts without specifying that the judgment is comprised of nominal and punitive damages. The sole explanation provided by Defendants' counsel was that her clients would not agree to a proposed judgment which disaggregated the nominal and punitive damages awarded by the jury. Counsel for Defendants confirmed that this is the only objection they have to Plaintiff's proposed judgment and that Defendants were otherwise prepared to agree to the contents of Plaintiff's proposed judgment.

    Plaintiff respectfully requests that the Court enter the accompanying proposed judgment, which reflects the jury's verdict of nominal and punitive damages, and which the parties otherwise agree is appropriate and accurate. The jury in this case specifically awarded nominal damages in the amount of $0.25 and punitive damages of $30,000 (*see* ECF No. 99 at 9; ECF No. 110 at 4),

---

[1] Plaintiff added the second and eighth paragraphs to his proposed judgment at Defendants' request. Plaintiff also added language to the fourth and fifth paragraphs at Defendants' request. Plaintiffs also deleted a paragraph advising the Court of the parties' intent to negotiate interest and attorney's fees, at Defendants' request, in favor of separately notifying the Court. Plaintiff also modified his proposed judgment to accommodate Defendants' preferred "Whereas," structure.

and judgment should be entered consistent with that verdict. Defendants' position is inconsistent with this Court's prior judgment, which accurately characterized the jury's verdict. *See* ECF No. 111 (recognizing that the jury "awarded the plaintiff nominal damages against defendant Treubig in the amount of $0.25, and punitive damages in the amount of $30,000"). Defendants' position is also inconsistent with the U.S. Court of Appeals for the Second Circuit's opinion, which recognized that "[t]he jury returned a verdict, holding Lt. Treubig liable for excessive force, awarding nominal and punitive damages against Lt. Treubig" and, after finding that Defendant Treubig's tasing of Plaintiff violated clearly established law, "instruct[ed] that the jury verdict against Lt. Treubig should be reinstated." *Jones v. Treubig*, 963 F.3d 214, 219, 240 (2d Cir. 2020).

As this Court is aware, the nature of damages adjudged has legal significance. The presence of nominal damages was essential to liability in this case. Indeed, after the jury returned a verdict of liability without nominal or compensatory damages, this Court sent the jury back for more deliberation to decide whether to impose nominal damages. Tr. 410-411; *see also Robinson v. Cattaraugus Cty.*, 147 F.3d 153, 162 (2d Cir. 1998) (recognizing that a verdict of liability without actual damages requires the imposition of nominal damages). A judgment of punitive damages also has legal significance, including bearing on a defendant's ability to discharge liability through bankruptcy. *See, e.g.*, *In re Ferrandina*, 533 B.R. 11, 26 (Bankr. E.D.N.Y. 2015). A judgment of punitive damages accurately reflects the jury's finding that Defendant Treubig not only resorted to force that no "reasonable officer would have employed" in the circumstances, but that Defendant Treubig acted "maliciously or wantonly" when he tased Plaintiff. Tr. 378. Defendants may not like the judgment entailed by the jury's verdict, but that is not a basis for departing from or obscuring it.

Plaintiff is uncertain what judgment Defendants plan to propose to the Court. Plaintiff respectfully requests that the Court enter his proposed judgment, on which the parties have conferred and with which the parties agree with the sole exception of whether the judgment should account for the jury's verdict of nominal and punitive damages.

The parties have agreed to confer regarding post-judgment interest and attorney's fees. Plaintiff and Defendants have agreed that it would be appropriate for the Court to provide 40 days from the date of its judgment for the parties to confer and to advise the Court on progress toward settlement or a forthcoming application.

Very Truly Yours

David Zelman, Esq.

CC: Via ECF
Melanie Speight, Esq.
New York City Law Dept.
100 Church Street
New York, NY 10007