DECLARATION OF DAVID ZELMAN, ESQ. OF THE LAW OFFICE OF DAVID ZELMAN

I, David Zelman, Esq., hereby state to the best of my personal knowledge and belief as follows:

1. I am an attorney, admitted to practice law in the Southern District of New York with an office located at 709 Eastern Parkway, Brooklyn, New York 11213.

2. I have been practicing civil rights litigation for approximately 20 years. I have been attorney of record and/or worked of counsel on approximately 250 civil rights cases since 1999. I have handled several civil rights appeals in the Second Circuit as well as New York State Courts during my career. I have tried several civil rights matters in the Eastern and Southern Districts of New York, either alone or with other counsel. Several times, other attorneys tried the cases which I developed through the initial stages, discovery and summary judgment motions.

3. Mr. Padilla reached out to me during the trial of the *Jones* matter to discuss the progress of the trial. Initially, I discussed the matter with him informally, as a friend and colleague who was involved in a fast moving trial with an unknown result. It was enjoyable to discuss the matter with Mr. Padilla and provide whatever insight I could as a detached observer.

4. As the trial progressed and the issue of qualified immunity was raised as well as an interest by the defendants in submitting interrogatories to the jury to assist the Court in making a qualified immunity analysis, it became clear that

      Mr. Padilla could use my assistance in formulating arguments in favor of Mr. Jones on this issue. I performed some research and provided it to Mr. Padilla and advised him as to what I felt were the best arguments for him to make. I believe Mr. Padilla took my advice and made appropriate arguments to the Court regarding the defendants proposed submission of interrogatories.

5. Following trial and with the issue of qualified immunity unresolved, Mr. Padilla asked me to get involved in the Jones matter in a formal way, enter an appearance and participate in the post trial motion practice involving qualified immunity and whatever other issues might be raised post trial.

6. As the Court is aware, the undersigned briefed the Court as to the qualified immunity issue and argued the issue in Court before your Honor. Following the receipt of your Honor's ruling granting qualified immunity to Officer Truebig, the undersigned actively sought out appellate counselors to assist in the matter. Several appellate attorneys were contacted, however, each attorney (with the exception of the Macarthur Institute) required a sizable retainer to take on the matter given that the risk of an affirmance was substantial and would bar "prevailing party" status and therefore any compensation for the appellate attorneys work. The Macarthur Institute, however, agreed to take the matter on without any upfront costs to Mr. Jones or counsel and even paid for expenses as they became due. Stated simply, without the Macarthur Institute's involvement in this matter, the likelihood that the within appeal would have been brought successfully is in my

estimation, very low.

7. When Amir Ali, Esq. of the Macarthur Institute first contacted Mr. Padilla, I happened to be present with Mr. Padilla and we took the call and discussed it with Mr. Ali. Thereafter, I worked closely with Mr. Ali and his office in ensuring that he had an accurate and complete understanding of the proceedings below, including all of the documentation which was necessary for Mr. Ali to review. I reviewed Mr. Ali's briefs and made comments and/or suggestions based upon my understanding of the proceedings below and also my familiarity with the Second Circuit and how they might decide the case. I remained involved in a similar with throughout the post appeal proceedings including the fee application stages, however, Mr. Ali did take on the lionshare of the research and drafting of the fee application.

8. I submit my detailed billing records as Exhibit "A" to this declaration. The records are current up until August 14, 2020. As I am writing this brief, I have just reviewed the defendants' second post trial motion and intend to work closely with plaintiffs' counsel in formulating arguments opposing that motion.

Dated:   Kings, New York
         September 6, 2020

_____
David Zelman, Esq.