**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
MATTHEW JONES,

           Plaintiff,           16 **CIVIL** 8080 (JGK)

-against-

CITY OF NEW YORK, et al.,          **DECLARATION OF**
                                                  **IAN HEATH GERSHENGORN IN**
           Defendants.          **SUPPORT OF PLAINTIFF'S**
                                                  **APPLICATION FOR FEES**

I, Ian Heath Gershengorn, declare:

1. I am a Partner and Chair of the Appellate & Supreme Court Practice at Jenner & Block LLP.

2. Prior to my current role, I served as Acting Solicitor General of the United States, as Principal Deputy Solicitor General, and as the Deputy Assistant Attorney General in charge of the Federal Programs Branch of the Civil Division of the U.S. Department of Justice.

3. During my time in the U.S. Solicitor General's Office and in my current position, I have supervised and participated in hundreds of appeals in the federal courts. As Acting Solicitor General, I was responsible for approving any decision to an appeal an adverse judgment against the United States government. I was also responsible for determining the legal position of the United States, including in cases involving accountability of federal law enforcement, and as Principal Deputy Solicitor General I oversaw the docket that included civil suits against federal officers and the defense of qualified immunity.

4. I do not represent any party in the present matter.

5. I first became familiar with this case when I participated in a moot oral argument for Amir Ali, who represented the plaintiff on appeal to the U.S. Court of Appeals for the Second

Circuit. My preparation for the moot included reviewing the appellate briefs filed by the parties to understand the issues and arguments in the appeal. Along with another partner and two associates from my firm, I then participated in approximately one hour of questioning of Mr. Ali.

6. This appeal involved several complex legal issues, including the constitutional standards governing excessive force, the law governing use of a taser and other substantial force, the application of qualified immunity, the law governing supplemental interrogatories, and the Sixth Amendment right to a jury.

7. In addition to the significant complexity of litigating constitutional issues on appeal, challenging the grant of qualified immunity on appeal generally entails a comprehensive canvass and analysis of caselaw, in order to show that the particularized facts of prior decisions and/or a consensus of particularized cases from other jurisdictions put the defendant on notice that his conduct violated clearly established law. Because this appeal concerned two different issues as to whether the defendant violated clearly established law, this comprehensive research and analysis for each would have to be conducted for each issue.

8. In my experience, the fact that an appeal follows discovery, a trial, verdict and supplemental interrogatories, and post-trial motions, also substantially increases the time required to review the record to identify bases for reversal and to prepare persuasive appellate briefing. Because appellate attorneys are expected to know the record, it also substantially increases the time required to adequately prepare for oral argument, especially in a fact-intensive case such as this.

9. Based on my experience, it is customary for an attorney who is preparing to argue an appeal of this nature to dedicate substantial time preparing, including participating in at least two moot oral arguments.

10. The attorneys in MacArthur Justice Center's Supreme Court & Appellate Program bring specialized expertise, which combines experience in both federal appellate and civil rights litigation. Mr. Ali is the Director of the organization's Washington D.C. office, and has successfully litigated and argued before the U.S. Supreme Court in two significant civil-rights cases. In my view, Mr. Ali's requested rate of $525 per hour is eminently reasonable for an attorney with his experience. This rate is comparable to that of a junior attorney at most major law firms who has substantially less experience than Mr. Ali.

11. It is critical to the accountability of government and the vindication of civil rights that cases and appeals of this nature be zealously litigated even when other financial incentives, such as a large damage award, are not present. In a case like this, where the adjudicated excessive force caused no compensatory damages and punitive damages of $30,000, there is a serious risk that an appeal would have been impractical and might not have been litigated absent a non-profit like the MacArthur Justice Center. When such attorneys agree to undertake a complex appeal and prevail, it is essential that they be compensated commensurate with the time and skill required to litigate and win an appeal of this nature.

August 28, 2020                              _____
                                             Ian Heath Gershengorn