16-CV-8080 (JGK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW JONES,

                           Plaintiff,

-against-

LIEUTENANT CHRISTOPHER TREUBIG,

                           Defendant.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT LIEUTENANT CHRISTOPHER TREUBIG'S MOTION FOR A NEW TRIAL PURSUANT TO FED. R. CIV. P. 59 AND MOTION FOR REMITTITUR**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:*
*Melanie Speight*
*Tel:  (212) 356-2425*

## TABLE OF CONTENTS

**Page**

CERTIFICATION OF COMPLIANCE WITH
INDIVIDUAL PRACTICE RULE 2D .................................................................................. ii

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT

    POINT I

        DEFENDANT HAS NOT WAIVED HIS
        OBJECTION TO COUNSEL FOR PLAINTIFF'S
        IMPROPER SUMMATION AND THE
        MISCONDUCT AT ISSUE DEPRIVED
        DEFENDANT OF A FAIR TRIAL............................................................ 2

    POINT II

        THE JURY'S PUNITIVE DAMAGE AWARD
        MUST BE SET ASIDE AS UNSUPPORTED BY
        THE RECORD AND THE LAW, OR,
        REMITTED, AND PLAINTIFF'S ARGUMENTS
        TO THE CONTRARY FAIL..................................................................... 3

CONCLUSION...................................................................................................................... 8

## CERTIFICATION OF COMPLIANCE WITH INDIVIDUAL PRACTICE RULE 2D

**MELANIE SPEIGHT**, an attorney duly admitted to practice in the United States District Court for the Southern District of New York, certifies under penalty of perjury and pursuant to 28 U.S.C. §1746 that the following is true and correct:

This Memorandum of Law contains 2,222 words and complies with the formatting rules set forth in Section 2D of Your Honor's Individual Practices dated May 28, 2020.

Dated:   New York, New York
         October 2, 2020

>                     JAMES E. JOHNSON
>                     Corporation Counsel of the City of New York
>                     *Attorney for Defendant Treubig*
>                     100 Church Street, 3rd Floor
>                     New York, New York 10007
>                     (212) 356-2425
>
>
>             By:     /s/ *Melanie Speight*
>                     Melanie Speight
>                     *Senior Counsel*

## TABLE OF AUTHORITIES

**Cases**                                                                                               **Pages**

Canjura v. Davies,
  No. 12-CV-1524 (JCM), 2016 U.S. Dist. LEXIS 62445
  (S.D.N.Y. May 10, 2016)..................................................................................................3

Collado v. City of N.Y.,
  396 F. Supp. 3d 265 (S.D.N.Y. 2019)...............................................................................5

DiSorbo v. Hoy,
  343 F.3d 172 (2d Cir. 2003)..............................................................................................7

Fabri v. United Techs. Int'l Inc.,
  387 F.3d 109 (2d Cir. 2004)..............................................................................................3

Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.,
  136 F.3d 276 (2d Cir. 1998)..............................................................................................3

ING Glob. v. United Parcel Serv. Oasis Supply Corp.,
  757 F.3d 92 (2d Cir. 2014)................................................................................................3

Ismail v. Cohen,
  899 F.2d 183 (2d Cir. 1990)..............................................................................................7

Lee v. Edwards,
  101 F.3d 805 (2d Cir. 1996)..............................................................................................7

Malmsteen v. Berdon, LLP,
  369 F. App'x 248 (2d Cir. 2010) (summary order) .........................................................3

O'Neill v. Krzeminski,
  839 F.2d 9 (2d Cir. 1988) .................................................................................................6

Payne v. Jones,
  711 F.3d 85 (2d Cir. 2012)................................................................................................6

Slack v. County of Suffolk,
  50 F. Supp. 3d 254 (E.D.N.Y. 2014) ................................................................................5

Western Union Co. v. MoneyGram Payment Systems, Inc.,
  626 F.3d 1361 (Fed. Cir. 2010).........................................................................................3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MATTHEW JONES

                                       Plaintiff,

          -against-                      16-CV-8080 (JGK)

LIEUTENANT CHRISTOPHER TREUBIG,

                                       Defendant.
------------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT LIEUTENANT CHRISTOPHER TREUBIG'S MOTION FOR A NEW TRIAL PURSUANT TO FED. R. CIV. P. 59; AND MOTION FOR REMITTITUR**

## PRELIMINARY STATEMENT

Defendant Lieutenant Christopher Treubig seeks relief pursuant to Fed. R. Civ. P. 59(a) and (e). Specifically, defendant respectfully requests that the Court order a new trial or vacate the jury's award of damages. The bases for Lieutenant Treubig's motion, summation misconduct that compromised the integrity of the trial and an award of damages that is not supported by law and should shock the conscience of the Court, were preserved and are supported by the law. In opposition to defendant's motion, plaintiff attempts to distract from this by rehashing his appellate arguments made to challenge this Court's decision on qualified immunity. Plaintiff focuses on presenting a version of the evidence that favors plaintiff's narrative in support of the position that the use of a taser was unreasonable. Those questions have been resolved. Plaintiff's efforts are not helpful to the instant dispute, and certainly do not detract from defendant's legal arguments. Consequently, defendant relies upon his opening submission and, in this reply memorandum, briefly refutes plaintiff's arguments regarding

waiver and plaintiff's reliance on highly distinguishable cases in an effort to hold onto the jury's improper damages award.

## ARGUMENT

### POINT I

**DEFENDANT HAS NOT WAIVED HIS OBJECTION TO COUNSEL FOR PLAINTIFF'S IMPROPER SUMMATION AND THE MISCONDUCT AT ISSUE DEPRIVED DEFENDANT OF A FAIR TRIAL**

Plaintiff's suggestion that the Court should allow an unsound verdict to stand based on purported waiver is baseless, and warrants rejection. Defendant acknowledged in his opening brief that the Court took efforts to militate against the harm caused by counsel for plaintiff's improper conduct and defendant objected to many, but not all, of plaintiff's improper and egregious statements. The fact remains that neither the Court's efforts nor defendant's were sufficient to prevent the resulting harm, because, as set forth in defendant's opening brief, it is the compound effect of counsel for plaintiff's many distinct transgressions that compromised Lieutenant Treubig's right to a fair trial and resulted in injustice.

Plaintiff's contention that defendant tactically refrained from objecting to each instance in which counsel for plaintiff crossed the line is simply incorrect. Plaintiff does not support his assertion, and the cases upon which he relies are inapposite. Plaintiff cites to cases in which it is clear that a tactical decision was made because parties either expressly withdrew objections or accepted evidentiary decisions admitting evidence in an effort to support their theory of the case. This does not compare to the situation presented during summations in this case. Defendant objected repeatedly to many, but not all, of counsel for plaintiff's prejudicial and improper statements. Plaintiff cannot claim shelter in the fact that his counsel's improper conduct was so pervasive that some of his statements were delivered without objection.

2

In a similar fashion, plaintiff ignores the fact that his counsel's comments were improper on several grounds, and specifically appealed to unfair bias and prejudice. Instead, plaintiff focuses on whether his improper references to defendants as liars is sufficient, standing alone, to warrant a new trial. In this way plaintiff deliberately obfuscates the issue. For the reasons set forth in detail in defendant's opening submission, defendant maintains that plaintiff's improper conduct, as evidenced by defendant's objections, post-summation argument, and made most clear by the jury's notes to the Court and the parties, compromised the integrity of the trial.

## POINT II

**THE JURY'S PUNITIVE DAMAGE AWARD MUST BE SET ASIDE AS UNSUPPORTED BY THE RECORD AND THE LAW, OR, REMITTED, AND PLAINTIFF'S ARGUMENTS TO THE CONTRARY FAIL**

Once again, plaintiff seeks to rely on purported waiver to escape the shortcoming in his own presentation of evidence. To make an application for judgment as a matter of law, before a case is submitted to the jury, a moving party "must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2). "Rule 50(a) does not articulate how specific a motion must be." Canjura v. Davies, No. 12-CV-1524 (JCM), 2016 U.S. Dist. LEXIS 62445, at *7 (S.D.N.Y. May 10, 2016). It is recognized, however, that "the purpose of requiring the moving party to articulate the ground on which [judgment as a matter of law] is sought is give the other party an opportunity to cure the defects in proof that might otherwise preclude him from taking the case to the jury." Id. (alteration in original) (citing Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 286 (2d Cir. 1998)). "[E]ven a cursory motion suffices to preserve an issue . . . so long as it serves the purposes of Rule 50(a)." Id. (alterations in original) (citing Western Union Co. v. MoneyGram Payment Systems, Inc., 626 F.3d 1361, 1367 (Fed. Cir. 2010)).

Nothwithstanding the specificity requirement of Rule 50(a), "a district court may grant a Rule 50(b) motion on an issue that was not previously raised in a Rule 50(a) motion when it is necessary to prevent 'manifest injustice.'" Id. (quoting Malmsteen v. Berdon, LLP, 369 F. App'x 248, 249 (2d Cir. 2010) (summary order) (quoting Fabri v. United Techs. Int'l Inc., 387 F.3d 109, 119 (2d Cir. 2004)). "Manifest injustice exists where a jury's verdict is wholly without legal support." ING Glob. v. United Parcel Serv. Oasis Supply Corp., 757 F.3d 92, 97 (2d Cir. 2014) (citations omitted).

Here, defendants' broad Rule 50 application moving for judgment as a matter of law "in favor of each individual defendant, both on the merits and on the basis of qualified immunity" can be read as broadly encompassing all claims, including claims for damages. (TT, at 302:23-304:1). Admittedly, more specificity on damages would have been prudent. This is not fatal to defendant's argument, however, because to allow a verdict unsupported by evidence to stand results in manifest injustice. Under those circumstances, even if defendant's application pursuant to 50(a) is inadequately specific, it is appropriate to vacate the award. With respect to the jury charge, defendant has not and does not object to the accuracy of the Court's substantive legal instruction on punitive damages. Objection to the inclusion of such an instruction however, was preserved by defendant. All defendants raised and preserved their objection to any instruction being given on punitive damages in their proposed jury instruction.[1] In short, the

---

[1] Defendants filed proposed instructions on May 17, 2018. Defendants stated, in pertinent part, the following: "Defendants object to a punitive damages charge as the evidence does not support any inference that a defendant acted wantonly or in willful disregard of plaintiff's rights." (Docket Entry No. 83, at page 17 n.16).

Court should reject plaintiff's suggestion that the unsupported award of damages can be upheld due to alleged waiver.

As set forth in defendant's opening submission, even viewing all facts in the light most favorable to plaintiff, there is no evidence sufficient to sustain the jury's award of punitive damages against Lieutenant Treubig.  Plaintiff does not point to any such evidence in his opposition.  Instead, he cites to the Court of Appeals for the Second Circuit's decision finding that that, on plaintiff's view of the evidence, a reasonable officer would not have found the use of force lawful.  Plaintiff prevailed on his appeal, so perhaps it is not unexpected that plaintiff seeks to cast the instant motion as a debate over the same ground, but that approach is wrong.  Plaintiff's argument suggests that if a finding of liability is supported then a punitive damages award is too. Whether the use of force was objectively reasonable is not the same inquiry that determines whether punitive damages are appropriate or supported by evidence.  See Collado v. City of N.Y., 396 F. Supp. 3d 265, 281-82 (S.D.N.Y. 2019) ("Even construing the evidence in the light most favorable to [plaintiff], I do not believe, nor could a reasonable jury find, that Connolly acted with evil motive or intent or with reckless or callous indifference to Collado's federally protected rights.").  When, as is the case here, an award of punitive damages is not supported by the evidence, it must be vacated.

Finally, remittitur is appropriate here.  Plaintiff's argument that the Court must view the facts in the light most favorable to plaintiff in this context is misplaced.  See Slack v. County of Suffolk, 50 F. Supp. 3d 254, 263 (E.D.N.Y. 2014) (on a Rule 59 motion, "a trial judge is free to weigh the evidence himself").  Plaintiff's odd suggestion in relation to remittitur that use of a taser, in and of itself, could justify an award of punitive damages in this case is similarly misplaced.  For example, in support of his tasers are just plain unacceptable position, plaintiff

5

argues that "Courts in this circuit have seen tasers kill even just in "stun mode" and tasers can "permanently debilitate" and cause "severe traumatic brain damage." (Pl's Opp., at 20). No such facts were in evidence before this jury. These cases have no relevance to the issue at hand.

As set forth herein, there is no evidence to support a finding of punitive damages. This is true when viewing the evidence in the light most favorable to plaintiff, and in light of a more credible view of the evidence. The 120,000 to 1 ratio of Court-guided nominal damages to punitive damages is but one indicator that the award is misguided and unreasonable in light of the evidence presented and the circumstances surrounding the jury's deliberations in this case. Defendant acknowledges that, as plaintiff argues, that the ratio alone is not outcome determinative, and defendant did not argue otherwise. Payne v. Jones, 711 F.3d 85, 102 (2d Cir. 2012). To the contrary, defendant set forth the Gore factors and the same standards that plaintiff advances.

Plaintiff would have the Court adopt the unsupported punitive damages in this case by embracing the narrow and uncontroversial position that high punitive damages awards have been upheld in excessive force cases. The fact is, this case is unique, and the Court must consider the totality of the circumstances surrounding the verdict. The award of punitive damages is not supported by evidence, counsel for plaintiff's summation improperly invited an award of punitive damages that messaged broad social discontent rather than signified a supported punishment tied to the evidence presented, and, through their explicit notes, the jury told the Court not only that it was interested in sending such a message, but that it wanted to award punitive damages without finding liability.

Plaintiff ignores all of these factors. The cases cited by plaintiff in an effort to cling to the punitive damages award are not truly comparable. O'Neill v. Krzeminski, 839 F.2d 9 (2d

6

Cir. 1988), for example, involved the use of force against an arrested plaintiff who was badly beaten while secured in handcuffs. There is no suggestion that summation was improper or that any jury notes called deliberations into question. The jury awarded $80,000 in compensatory damages and a total of $185,000 in punitive damages. The trial judge "noted that he 'had heard many excessive force cases in eight years of jury trials, but none so shocked the conscience of this court as did this one.'" Id., at 14. This is easily distinguishable from this case. In this case, there was no award of compensatory damages, a decision not to find unjustified force on the part of multiple officers, and indeed even the issue of qualified immunity was a close question of law. Indeed, none of the cases cited by plaintiff reference similar issues arising from jury notes and summation misconduct. See Ismail v. Cohen, 899 F.2d 183, 189 (2d Cir. 1990) (no reference to summation or jury notes in challenge to subsequently upheld award of $650,000 in compensatory damages and $150,000 in punitive damages); Payne v. Jones, 711 F.3d 85 (2d Cir. 2012) (no challenge to summation conduct or questions raised by jury notes); Lee v. Edwards, 101 F.3d 805 (2d Cir. 1996) (no challenge to the sufficiency of any punitive damages award, and no reference to summation misconduct or deliberations); DiSorbo v. Hoy, 343 F.3d 172 (2d Cir. 2003) (no challenge to summation and the impact on jury deliberations). The reason that plaintiff does not cite to truly comparable cases is because this case presents unique flaws that distinguish it from other cases assessing the reasonableness of punitive damages.

Plaintiff suggests that pointing out that the jury's confounding award would unfairly saddle Lieutenant Treubig with a $30,000 judgment based on a faulty verdict is an attempt to "generat[e] guilt" by citing to an academic article opposing the doctrine of qualified immunity. (Pl's Opp., at 20). Ms. Schwartz's work, while well-regarded, has no bearing on this case and certainly cannot be used to support plaintiff's speculative and uninformed arguments regarding

indemnification. This attempt to minimize the severity of an unfounded judgment arguably highlights the fault lines in plaintiff's arguments.

For these reasons, and for those set forth in defendant's initial submission, defendant respectfully submits that the award of punitive damages should be vacated or, at a minimum, remitted.

## CONCLUSION

For the foregoing reasons, defendant Lieutenant Treubig respectfully requests that the Court grant his application for a new trial or vacate or remit the jury's award of punitive damages against him, and grant such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           October 2, 2020

                      JAMES E. JOHNSON
                      Corporation Counsel of the City of New York
                      *Attorney for Defendant Treubig*
                      100 Church Street, 3rd Floor
                      New York, New York 10007
                      (212) 356-2425

By:   /s/ *Melanie Speight*
        Melanie Speight
        *Senior Counsel*

CC:     VIA ECF
        Alexis Padilla
        David Zelman
        Amir Ali
        *Plaintiff's Counsel*