**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------

MATTHEW JONES,

                            Plaintiff,                        16 **CIVIL** 8080 (JGK)

        -against-

CITY OF NEW YORK, et al.,

                           Defendants.

-------------------------------------------------------------------------

### REPLY IN SUPPORT OF
### PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND COSTS

Amir H. Ali
*Admitted Pro Hac Vice*
RODERICK & SOLANGE MACARTHUR
   JUSTICE CENTER
501 H Street NE, Suite 275
Washington, DC 20002
(202) 869-3434
amir.ali@macarthurjustice.org

Alexis G. Padilla
290 Howard Avenue
Brooklyn, NY 11233
(917) 238-2993
alexpadilla722@gmail.com

David A. Zelman
709 Eastern Parkway
Brooklyn, NY 11213
(718) 604-3072
dzelman@civrtslaw.com

*Attorneys for Plaintiff Matthew Jones*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ....................................................................................................... iii

CERTIFICATION OF COMPLIANCE WITH INDIVIDUAL PRACTICE RULE II.D ............. iv

INTRODUCTION .................................................................................................................... 1

ARGUMENT ........................................................................................................................... 1

    I.      Mr. Jones's Lodestar Is Appropriate..................................................................... 1

         A.     Counsel Proposed Reasonable Rates.................................................... 1

         B.     The City Does Not Allege Any Unnecessary Litigation And Ultimately Disputes 20.7 Hours. .................................................................................. 5

    II.    The City's Two Arguments For Downward Adjustment Contravene Court of Appeals Precedent................................................................................................. 7

    III.   This Record Warrants Upward Adjustment............................................................. 8

    IV.   Mr. Jones Is Entitled To Costs.............................................................................. 9

    V.    Mr. Jones Is Entitled To Fees For This Motion And Other Post-Judgment Litigation............................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AdvantEdge Corp. v. Krajicek*,
No. 16CV1643WFKRML, 2017 WL 7411018 (E.D.N.Y. Oct. 2, 2017)................................3

*Alicea v. City of New York*, 272 F. Supp. 3d 603 (S.D.N.Y. 2017) ...............................1, 2

*Anderson v. City of New York*, 132 F. Supp. 2d 239 (S.D.N.Y. 2001) ...........................9

*Barrella v. Vill. of Freeport*, 56 F. Supp. 3d 169 (E.D.N.Y. 2014)................................6

*Brady v. Wal-Mart Stores, Inc.*,
No. 03-CV-3843, 2010 WL 4392566 (E.D.N.Y. Oct. 29, 2010)..........................................7

*Cowan v. Prudential Ins. Co. of Am.*, 935 F.2d 522 (2d Cir. 1991) ...............................7

*Farbotko v. Clinton Cty. of New York*, 433 F.3d 204 (2d Cir. 2005)..............................8

*Grant v. Lockett*,
No. 5:15-CV-0445, 2019 WL 1872967 (N.D.N.Y. Apr. 26, 2019)......................................6

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ................................................................8

*Hnot v. Willis Grp. Holdings Ltd.*,
No. 01 CIV. 6558, 2008 WL 1166309 (S.D.N.Y. Apr. 7, 2008)...........................................4

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2d Cir. 1998)........................................8

*Lilly v. City of N.Y.*, 934 F.3d 222 (2d Cir. 2019).........................................................2

*Luca v. Cty. of Nassau*, 698 F. Supp. 2d 296 (E.D.N.Y. 2010) ....................................7

*Lunday v. City of Albany*, 42 F.3d 131 (2d Cir. 1994)..................................................8

*Murray v. Marshall*,
No. 15-CV-599(RPK)(PK), 2020 WL 5899851 (E.D.N.Y. Mar. 16, 2020)...........................3

*Ortiz v. City of N.Y.*, No. 15CV2206, 2020 WL 755878 (S.D.N.Y. Feb. 14, 2020)..................7

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986) ....................8

*Rozell v. Ross-Holst*, 576 F. Supp. 2d 527 (S.D.N.Y. 2008) .....................................3, 4

*Schoolcraft v. City of New York*,
No. 10 CIV. 6005, 2016 WL 4626568 (S.D.N.Y. Sept. 6, 2016)........................................4, 5

*Seigal v. Merrick*, 619 F.2d 160 (2d Cir. 1980).........................................................5

*Simmons v. New York City Transit Auth.*, 575 F.3d 170 (2d Cir. 2009).........................3

*Thomas v. City of New York*,
No. 1:09-CV-3162 (ALC), 2016 WL 319982 (S.D.N.Y. Jan. 26, 2016).................................3

## <u>CERTIFICATION OF COMPLIANCE WITH INDIVIDUAL PRACTICE RULE II.D</u>

I certify that this reply contains 2,797 words and comports with Rule II.D of your

Honor's Individual Practices dated May 28, 2020.


Dated: Washington, D.C.                     Respectfully Submitted,
      November 2, 2020                     ___/s/ Amir H. Ali_____

                                        Amir H. Ali
                                        *Admitted Pro Hac Vice*
                                        RODERICK & SOLANGE MACARTHUR
                                          JUSTICE CENTER
                                        501 H Street NE, Suite 275
                                        Washington, DC 20002
                                        (202) 869-3434
                                        amir.ali@macarthurjustice.org

                                        Alexis G. Padilla
                                        290 Howard Avenue
                                        Brooklyn, NY 11233
                                        (917) 238-2993
                                        alexpadilla722@gmail.com

                                        David A. Zelman
                                        709 Eastern Parkway
                                        Brooklyn, NY 11213
                                        (718) 604-3072
                                        dzelman@civrtslaw.com

                                        *Attorneys for Plaintiff Matthew Jones*

## INTRODUCTION

The City does not contest that over four years it refused to consider settlement offers, in favor of litigation. Nor does it contest that Mr. Jones received a verdict that exceeded his pretrial settlement offer and, plus a finding that an officer acted maliciously and wantonly.

1.   *Lodestar*. The City's response to Mr. Jones's lodestar confirms its reasonableness. To challenge the proposed rates, it ignores Mr. Jones's authorities and resorts to 10-to-15-year-old and out-of-district cases. As to time expended, the City does not identify *a single* unnecessary litigation decision and ultimately disputes 20.7 hours of billing records.

2.   *Adjustment*. The City does not allege any typical basis for downward adjustment, like systematic block or duplicative billing. Instead, it makes two legal arguments: Mr. Jones (1) received "25 cents" in compensatory damages; and (2) "prevailed only as to a single officer." Fee-Opp. 6. It cites no authority. *Id*. Both arguments contravene Court of Appeals precedent.

Mr. Jones has described particular, *record-based* reasons for upward adjustment. The City does not contest he has advanced a valid basis for adjustment, necessary to fulfill § 1988's purpose.

## ARGUMENT

### I.   Mr. Jones's Lodestar Is Appropriate.

#### A.   Counsel Proposed Reasonable Rates.

Mr. Jones's application cited a 2015 decision surveying this district's caselaw and finding the top-end rate for civil rights attorneys was $650. Fee-App. 10. Although rates increase over time, *see id*., Mr. Padilla, Mr. Ali, and Mr. Zelman proposed rates of $500, $525 and $600—all below the high-end five years ago.

Without addressing Mr. Jones's authorities, the City says the high-end is $600, citing *Alicea v. City of New York*, 272 F. Supp. 3d 603 (S.D.N.Y. 2017), and some nearly decade-old cases. Fee-Opp. 4-5. This is misleading. *Alicea* merely recognized $600 was the high end "as of 2010,"

while noting "$650 [is] reasonable for civil rights litigator[s] in light of 'skill and experience.'" 272 F. Supp. 3d at 609. And this Court recognized that "rates of $600 and $550 [were] reasonable for lawyers with over a decade of experience," *id*.—a benchmark that makes Mr. Jones's proposals modest.

The City does not address virtually any of the factors for determining the appropriate rate. It does not dispute that the lengthy proceedings, corresponding investment of labor, and fee structure support a high rate here. And it does not attempt to reconcile its position with *Lilly v. City of N.Y.*, 934 F.3d 222 (2d Cir. 2019). There, the Court of Appeals found "no error" where the district court began with $650 for experienced civil-rights attorneys and reduced to $450 based on "the 'duration and simplicity.'" *Id*. at 226-27, 231. The City does not dispute that the Court's analysis, reducing the rate because the case "'lasted less than 10 months, required no depositions, and involved no substantial motions or briefings' or appearances before the district court," *id*. at 232, supports Mr. Jones here. This case lasted four years, required depositions by both parties, involved a full trial, post-trial motions, a complex appeal, and post-appeal litigation. *See* Fee-App. 11-12.

The City simply asserts this case was "typical and uncomplicated" without any explanation based on the record or issues in this case. Fee-Opp. 13. Instead, it cites authorities recognizing that excessive force cases can be "relatively straightforward." *Id*. Fine. As General Gershengorn's unrebutted testimony confirms, *this case* implicated "several complex legal issues, including the constitutional standards governing excessive force, the law governing use of a taser and other substantial force, the application of qualified immunity, the law governing supplemental interrogatories, and the Sixth Amendment right to a jury." Gershengorn Decl. ¶ 6. The appeal is illustrative—both parties filed comprehensive briefs raising novel issues and canvassing all jurisdictions, oral

argument lasted double the scheduled time, and the Court of Appeals issued a 57-page precedential opinion. *See* Fee-App. 6-7 & n.3, 11-12.

The City's arguments concerning each counsel support the proposed rates:

**Alexis G. Padilla**. The City acknowledges Mr. Padilla "is a skilled attorney" with eight years' experience. Fee-Opp. 8. Mr. Padilla accordingly proposed $500, less than typical for attorneys with a decade of experience. *See supra*. The City points to a recent Eastern District award for $200, Fee-Opp. 7-8, but that supports Mr. Padilla's request. First, the Court of Appeals has recognized that Eastern District rates are "substantially lower" than this district, *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 172 (2d Cir. 2009). The upper limit there is $350 to $400—a 50% to 60% discount. *AdvantEdge Corp. v. Krajicek*, No. 16CV1643WFKRML, 2017 WL 7411018, at *3 (E.D.N.Y. Oct. 2, 2017). Second, the Eastern District rate assumed Mr. Padilla "handl[ed] more than 30 civil rights cases." *Murray v. Marshall*, No. 15-CV-599(RPK)(PK), 2020 WL 5899851, at *3 (E.D.N.Y. Mar. 16, 2020). The record here reflects Mr. Padilla has nearly twice that experience: over 50 civil rights cases, plus two dozen pending. Padilla Decl. ¶¶ 29, 31.

**David Zelman**. The City does not dispute Mr. Zelman has litigated 250 police misconduct cases over 20 years. Fee-App. 13. Mr. Zelman accordingly proposed $600, still below the high-end. Relying on out-of-district cases, the City says Mr. Zelman's rate is $350—less than the $450 he was awarded in this district almost five years ago. *See Thomas v. City of New York*, No. 1:09-CV-3162 (ALC), 2016 WL 319982, at *7 (S.D.N.Y. Jan. 26, 2016). This Court confronted a similar circumstance in *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527 (S.D.N.Y. 2008). There, counsel had received rates between $400 and $500 about four years earlier. The Court nonetheless awarded $600, explaining that "[t]he rates previously awarded should not necessarily be considered a cap" because "rates charged by attorneys have generally increased." *Id.* at 546.

3

*Amir H. Ali*. The City acknowledges that Mr. Ali has "substantial" and "laudable" experience based on his record of success in civil rights cases before federal appeals courts and the U.S. Supreme Court. Fee-Opp. 10; Gershengorn Decl. ¶ 10; Ali Decl. ¶¶ 5-9. It also acknowledges that "the nature of the appellate work performed" necessitates a "quite high" rate. Fee-Opp. 12. Mr. Ali proposed $525, less than is typically awarded to Director-level attorneys or to attorneys with ten years' experience even without his accomplishments. Fee-App. 14-16; Gershengorn Decl. ¶ 10. The City asks for $400, but does not ground that request on any relevant factor or anything in the record. It offers an unsubstantiated assurance that Mr. Ali "no doubt" received "reputational benefits." Fee-Opp. 10. But such claims require actual evidence, such that an attorney "actively did leverage [the case] to obtain business" and "actively sought" and received "widespread media coverage." *Schoolcraft v. City of New York*, No. 10 CIV. 6005, 2016 WL 4626568, at *7 (S.D.N.Y. Sept. 6, 2016). Here, the unrebutted evidence shows Mr. Ali works for a nonprofit (a far cry from leveraging for business) and is routinely retained to litigate far higher profile appeals. Ali Decl. ¶¶ 8-9.

*Megha Ram & David Schmutzer.* Mr. Jones cited authority establishing $200 to $350 for associates. He requested only $150 for Mr. Schmutzer, a law clerk and then first-year associate, and $250 for Ms. Ram, a second-year associate. The City cites decade-old cases to suggest a $125 to $200 range and simply asserts they "should not be compensated more than $125." Fee-Opp. 12-13. This is unsound. Over a decade ago, this Court found "ample support" to award $150 to paralegals. *Hnot v. Willis Grp. Holdings Ltd.*, No. 01 CIV. 6558, 2008 WL 1166309, at *3 (S.D.N.Y. Apr. 7, 2008). Mr. Jones's proposal is in line with, and indeed less than, amounts awarded to law clerks and junior attorneys. *E.g.*, *Rozell*, 576 F. Supp. 2d at 546 (awarding $250 for junior associates and $175 to law clerks).

4

### B.    The City Does Not Allege Any Unnecessary Litigation And Ultimately Disputes 20.7 Hours.

The City does not identify a single litigation decision—or even any single argument—that Mr. Jones's counsel made which led to unnecessary litigation. The vast majority of the City's accusations that counsel's time was "unreasonable" are made without identifying *any* time records that are excessive in light of the facts and issues being litigated. Such arguments made in the abstract are generally not considered; courts do not themselves "conduct a minute evaluation of each phase or category of counsel's work." *Seigal v. Merrick*, 619 F.2d 160, 164 n. 8 (2d Cir. 1980). The City does allege certain "instances of unreasonable billing," Fee-Opp. 17. However, these records appear to implicate just 20.7 hours, and even those records are reasonable:

**Mr. Padilla.** The City concedes Mr. Padilla's pre-trial and trial work was "efficient" and "reasonable." Fee-Opp. 16-17. It challenges 10.8 hours (0.3 mailing disclosures; 3 hours amending complaints; and 7.5 on voir dire questions). Fee-Opp. 17. These challenges are superficial—determining whether to amend (or not amend) a complaint, and how to craft voir dire questions, entails research and careful analysis, which reasonably takes some time.

The City then challenges Mr. Padilla's time after May 24, 2018 because it involved "communications with Mr. Zelman." Fee-Opp. 17. First, only 9.9 hours are communications between Mr. Padilla and Mr. Zelman. Decl. Padilla, Exhibit A. The rest describes a telephonic hearing, research, reviewing briefing and court decisions, and communications with the client, opposing counsel, or appellate counsel. *Id*. Moreover, the City does not (and could not) cite authority that communication with co-counsel is unreasonable. The case it cites involved meetings among *eight* attorneys totaling *1,380 hours* before trial. *Schoolcraft*, 2016 WL 4626568, at *9. Courts routinely award fees for second-chairs or teams; here, counsel represented Mr. Jones leanly by having one attorney at any given time, with communication as needed to serve the client.

5

**Mr. Zelman.** The City asks to exclude Mr. Zelman's time "as an 'observer' during trial." Fee-Opp. 18. It is unclear what the City means; none of Mr. Zelman's entries are for observing trial. Zelman Decl., Exhibit A. Mr. Zelman reviewed the trial transcripts, which was necessary to oppose the City's post-trial motion. *Id.* The City also asserts, without authority or explanation, that 53.5 hours to oppose a post-trial motion is too high. In fact, courts approve substantially more time. *Grant v. Lockett*, No. 5:15-CV-0445, 2019 WL 1872967, at *3 (N.D.N.Y. Apr. 26, 2019) (84.5 hours); *Barrella v. Vill. of Freeport*, 56 F. Supp. 3d 169, 174 (E.D.N.Y. 2014) (nearly 100 hours). The City's post-trial motion threatened Mr. Jones's jury verdict—any "reasonable, paying client [expects] their attorneys to expend such hours to fiercely defend the significant jury verdict in their favor." *Grant*, 2019 WL 1872967, at *3.

**Mr. Ali.** The City does not identify any time records in Mr. Ali's appeal or post-trial work that are unreasonable. For instance, it makes no allegation that the time recorded for any task is excessive, redundant, duplicative, or vague. Instead, the City makes a general assertion that Mr. Ali spent an "unreasonable" amount of time on the appeal. Fee-Opp. 19. It does not reconcile its general assertion with the unrebutted evidence of General Gershengorn and Mr. Ali, which describe the complexity of the several legal issues, particularized research across jurisdictions (much of which was relied upon in the Court of Appeals' opinion), and post-trial appeal. *See* Fee-App. 18-19; Ali Decl. ¶¶ 20-23; Gershengorn Decl. ¶¶ 6-8. Indeed, after the Court of Appeals' decision, the City itself issued statements emphasizing the appeal's "complex" nature.[1] The City also does not dispute that Mr. Ali's time, which includes both the appeal and post-appeal litigation, is less

---

[1] https://www.law.com/newyorklawjournal/2020/06/26/2nd-circuit-knocks-out-qualified-immunity-in-reinstating-excessive-force-verdict-against-nypd-lieutenant/.

than previously-compensated amounts. *See, e.g.*, *Brady v. Wal-Mart Stores, Inc.*, No. 03-CV-3843, 2010 WL 4392566, at *8-9 & n.13 (E.D.N.Y. Oct. 29, 2010) (holding 373.4 hours compensable for appeal); *Luca v. Cty. of Nassau*, 698 F. Supp. 2d 296, 307 (E.D.N.Y. 2010) (approving nearly 400 hours for appeal and fee application). The City's only citation is *Ortiz v. City of N.Y.*, No. 15CV2206, 2020 WL 755878 (S.D.N.Y. Feb. 14, 2020), but there Judge Cote explained that 280 to 340 total hours is reasonable for a "run-of-the-mill" case with a "lack of novelty and complexity." *Id*. at *7. That supports the reasonableness of Mr. Ali's time on the unrebutted evidence here.

Having refused settlement negotiations and insisted on this litigation, it is simply not credible for the City to now proceed on generalized assertions of "unreasonableness," without grounding them on particular unnecessary litigation decisions or time records.

## II.   The City's Two Arguments For Downward Adjustment Contravene Court of Appeals Precedent.

The City does not allege any of the typical reasons for downward adjustment of the lodestar, such as systematic block or duplicative billing. It makes two arguments for an "across-the-board" adjustment: (1) the jury awarded $0.25 in nominal damages; and (2) jury's verdict was against one of the four officers present. *See* Fee-Opp. 6. The City does not cite *a single* authority for these arguments. *See id*. Both directly contravene Court of Appeals caselaw.

First, even if one pretends the jury awarded only $0.25 and ignores the $30,000 in punitives (as the City does), the Court of Appeals holds that a lodestar "*should not* be reduced simply because a plaintiff recovered a low damage award." *Cowan v. Prudential Ins. Co. of Am.*, 935 F.2d 522, 526 (2d Cir. 1991) (emphasis added). That would "subvert the statute's goal opening the court to all who have meritorious civil rights claims," not only people who suffer severe injuries. *Id*. at 524. This case was never about compensatory damages—as this Court observed, Mr. Jones alleged "no permanent injuries." *See* ECF 109 at 17. Mr. Jones specifically testified he pursued this case

to "bring light" to unnecessary escalations of force, not for compensation. Tr. 71. That does not make him less worthy of fees under § 1988.

Second, unsuccessful claims cannot be the basis for downward adjustment unless they are "'wholly unrelated' to the plaintiff's successful claims." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983)). That is, unsuccessful claims support downward adjustment only if "'based on different facts and legal theories.'" *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 762 (2d Cir. 1998) (quoting *Hensley*, 461 U.S. at 434-35). Neither is true here. Mr. Jones proceeded to trial on a single legal theory, excessive force, arising from a single encounter involving all the officers. The City does not, and could not reasonably, argue these claims were wholly unrelated.

## III.    This Record Warrants Upward Adjustment.

Mr. Jones described particular, *record-based* reasons for upward adjustment. *See* Fee-App. 20-22. All agree this case arose on "undesirable" facts; the City even says it would have been "difficult to believe." Fee-Opp. 13. It is also undisputed that after the City declined settlement for $20,000 and no judgment, the jury vindicated Mr. Jones's constitutional rights, awarded $30,000, and found malicious and wanton conduct. And unrebutted evidence shows ordinary expectations of fees were insufficient to vindicate Mr. Jones's constitutional rights without the intervention and resources of a nonprofit. Fee-App. 20-22.

The City does not contest these factors are not "subsumed within the initial calculation" of the lodestar and are therefore valid bases for adjustment. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). And the City does not dispute that such adjustment is necessary if § 1988 is to safeguard "meritorious civil rights claims which might otherwise be abandoned." *Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 208 (2d Cir. 2005). We face a national reckoning on race, policing, and force. As General Gershengorn attests: "It is critical to

8

the accountability of government and the vindication of civil rights that cases and appeals of this nature be zealously litigated even when other financial incentives, such as a large damage award, are not present." Gershengorn Decl. ¶ 11.

## IV.   Mr. Jones Is Entitled To Costs.

The City concedes all Mr. Jones's costs are compensable. Fee-Opp. 20. It asks for reduction based on a case that partially reduced costs for computerized research because plaintiffs failed "on most of their claims." *Anderson v. City of New York*, 132 F. Supp. 2d 239, 247 (S.D.N.Y. 2001). But the court held other costs "recoverable in full" absent a basis to believe they were excessive. *Id*. at 246-47. Mr. Jones does not seek computerized research costs, and the City does not allege any cost here was excessive.

## V.   Mr. Jones Is Entitled To Fees For This Motion And Other Post-Judgment Litigation.

The City does not contest Mr. Jones is entitled to fees for post-appeal litigation, including this motion. Fee-App. 23. In the interest of finality, Mr. Jones attaches supplemental time records to and including this reply, summarized here:

| Attorney | Hours | Rate | Amount |
|----------|-------|------|--------|
| Alexis G. Padilla | 39.9 | $500 | $19,950 |
| David Zelman | 15.0 | $600 | $9,000 |
| Amir H. Ali[2] | 20.9 | $525 | $10,972 |

---

[2] Mr. Ali has excluded time of junior associates.

## **CONCLUSION**

Plaintiff's application should be granted.


Dated:          Washington, D.C.                    Respectfully Submitted,
                November 2, 2020                     ____/s/ Amir H. Ali_____

                                                     Amir H. Ali
                                                     *Admitted Pro Hac Vice*
                                                     RODERICK & SOLANGE MACARTHUR
                                                        JUSTICE CENTER
                                                     501 H Street NE, Suite 275
                                                     Washington, DC 20002
                                                     (202) 869-3434
                                                     amir.ali@macarthurjustice.org

                                                     Alexis G. Padilla
                                                     290 Howard Avenue
                                                     Brooklyn, NY 11233
                                                     (917) 238-2993
                                                     alexpadilla722@gmail.com

                                                     David A. Zelman
                                                     709 Eastern Parkway
                                                     Brooklyn, NY 11213
                                                     (718) 604-3072
                                                     dzelman@civrtslaw.com