```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
--------------------------------------------------------

MATTHEW JONES,
                    Plaintiff,        16-cv-8080 (JGK)

        - against -                MEMORANDUM OPINION
                                           AND ORDER
CHRISTOPHER TREUBIG ET AL.,
                    Defendants.

--------------------------------------------------------

JOHN G. KOELTL, District Judge:

    The plaintiff, Matthew Jones, was awarded $30,000.25 in damages against defendant Lieutenant Christopher Treubig on the plaintiff's claim of excessive force under 42 U.S.C. § 1983. ECF No. 135. The plaintiff moved for attorney's fees pursuant to 42 U.S.C. § 1988, ECF No. 141, and the motion was referred to Magistrate Judge Kevin Fox for a report and recommendation. ECF No. 169. The Magistrate Judge issued a report finding that attorney's fees and costs in the amount of $395,835.54 were reasonable. ECF No. 175 (the "Report").

    There is no dispute that the plaintiff is a prevailing party and is eligible for an award of costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988. The defendant does not disagree but argues that the amount of attorney's fees determined by the Magistrate Judge was unreasonably high because the hourly rates sought by the plaintiff's attorneys were too high and the number of hours expended was excessive. The defendant attempts to belittle the complexity of the case and

the quality of the work involved. However, none of the defendant's objections have merit. The Magistrate Judge carefully scrutinized the rates sought by the attorneys and reduced them as appropriate and similarly excluded time that the Magistrate Judge found to be unnecessary. None of the objections raised by the defendant to the Magistrate Judge's ultimate findings have any merit. The hourly rates and the hours expended that were determined by the Magistrate Judge were both well supported. Moreover, this case was hardly straightforward. It involved an award of punitive damages against Lieutenant Treubig, a complex proceeding and determination of qualified immunity by this Court that was reversed in a lengthy opinion by the Court of Appeals, and an unsuccessful motion for a new trial by Lieutenant Treubig. For the reasons explained in more detail below, the defendant's objections are without merit, and the Report is adopted in full.

I.

The plaintiff began this action in 2016, bringing claims against four police defendants for violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983. ECF No. 1. The plaintiff has been represented from the onset of the case by Alexis Padilla. Padilla Decl., ECF No. 143, ¶ 2. After discovery and motions in limine, the case proceeded to trial in May 2018.

The jury returned a verdict of no liability as to three of the defendants. ECF No. 110. The jury found the fourth defendant, Lieutenant Treubig, liable for $0.25 of nominal damages and $30,000 of punitive damages. Id.

At this time, another attorney, David Zelman, became involved with the case. Zelman Decl., Ex. A, ECF No. 144-1. The jury was given special interrogatories. See ECF No. 110. Based on the jury's responses to the special interrogatories, Lieutenant Treubig moved for judgment as a matter of law on the ground of qualified immunity. ECF No. 94. After full briefing and argument, the Court granted the motion and found that Lieutenant Treubig was entitled to qualified immunity. Jones v. Muniz, 349 F. Supp. 3d 377, 391 (S.D.N.Y. 2018). The Court entered judgment for all the defendants. ECF No. 111.

In November 2018, a third attorney, Amir Ali of the MacArthur Justice Center ("MacArthur"), contacted Mr. Padilla and Mr. Zelman. Ali Decl., ECF No. 145, ¶ 12. On learning that Mr. Padilla and Mr. Zelman intended to forgo any appeal, MacArthur agreed to represent Mr. Jones on appeal. Id. ¶¶ 12-13.

The plaintiff then appealed. ECF No. 114. After full briefing and argument, the Court of Appeals for the Second Circuit, in a lengthy decision cataloguing qualified immunity cases from around the country, found that Lieutenant Treubig was not entitled to qualified immunity. Jones v. Treubig, 963 F.3d

3

214, 240 (2d Cir. 2020). On remand, this Court entered judgment against Lieutenant Treubig in the amount of $30,000.25. ECF No. 135. The defendants sought a new trial or to set aside the verdict. ECF No. 138. After full briefing and argument, the Court denied the application. ECF No. 170.

In September 2020, the plaintiff moved for attorney's fees and costs pursuant to 42 U.S.C. § 1988. ECF No. 141. The Court referred the motion to the Magistrate Judge for a Report and Recommendation. ECF No. 169. The parties briefed the motion, and the Magistrate Judge issued a thorough 42-page report recommending that a total of $395,835.54 of attorney's fees and costs be awarded.[1] Report at 43. The defendants filed objections to the report, ECF No. 178, to which the plaintiff responded. ECF No. 185.

## II.

Under Federal Rule of Civil Procedure 72(b), a court reviewing a magistrate judge's report and recommendation "must determine de novo any part of the magistrate judge's disposition

---

[1] While the Magistrate Judge's decision was styled a Memorandum and Order, because attorney's fees under 42 U.S.C. § 1988 are a dispositive matter under Rule 72, see, e.g., McConnell v. ABC-Amega, Inc., 338 F. App'x 24, 26 (2d Cir. 2009); Nardoni v. City of New York, No. 17-cv-2695, 2019 WL 952333, at *1 (S.D.N.Y. Feb. 27, 2019), the decision should properly be characterized as a report and recommendation. The parties agree that the Magistrate Judge's decision was in fact a report and recommendation. See ECF No. 179 at 2 & n.1; ECF No. 185 at 3.

4

that has been properly objected to."[2] Fed. R. Civ. P. 72(b)(3). Any part of the magistrate judge's disposition that is not specifically objected to is reviewed only for clear error. Robinson v. Pagan, No. 05-cv-1840, 2006 WL 3626930, at *1 (S.D.N.Y. Dec. 12, 2006).

### III.
#### A.

Under 42 U.S.C. § 1988(b), the Court, "in its discretion, may allow the prevailing party [in a § 1983 action] . . . a reasonable attorney's fee." The Report found that the plaintiff was a prevailing party under § 1988 and the defendant does not dispute that finding, which is plainly correct. See, e.g., Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Robles v. City of New York, No. 19-cv-6581, 2021 WL 1034773, at *4 (S.D.N.Y. Feb. 26, 2021), report and recommendation adopted, 2021 WL 1177462 (S.D.N.Y. Mar. 29, 2021).

#### B.

The presumptively reasonable rate for an attorney's services is "the prevailing hourly rate" in "the district where the district court sits," Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008), for "attorneys of comparable experience in civil

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, omissions, quotation marks, and citations in quoted text.

rights litigation." Tatum v. City of New York, No. 06-cv-4290, 2010 WL 334975, at *4 (S.D.N.Y. Jan. 28, 2010). Courts look to "current rates, rather than historical rates, . . . to compensate for the delay in payment," LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 764 (2d Cir. 1998), because rates tend to "increas[e] over time." Tatum, 2010 WL 334975, at *5.

**1.**

Each of the three attorneys who worked on the plaintiff's case is an experienced attorney specializing in civil rights litigation. Mr. Padilla graduated from law school in 2012. Padilla Decl. ¶ 28. He has litigated to completion over 50 cases under 42 U.S.C. § 1983, and has represented plaintiffs in civil rights matters before the Court of Appeals for the Second Circuit. Id. ¶¶ 29-30. His current practice is dedicated entirely to criminal defense and civil rights litigation, and he currently has over 20 civil rights matters pending in both state and federal courts. Id. ¶ 31. He has tried 12 cases since 2015, of which 5 were federal civil rights cases in which excessive force was alleged. Id. ¶ 32. Mr. Zelman has been practicing civil rights litigation for around 20 years, in which time he has worked on some 250 cases. Zelman Decl. ¶ 2.

Mr. Ali graduated from law school in 2011. Ali Decl. ¶ 3. He is currently the Director of MacArthur's Washington, D.C. office and is the Deputy Director of the organization's Supreme

Court and Appellate Program. Ali Decl. ¶ 1. MacArthur is a nonprofit public interest firm that litigates civil rights cases, including police misconduct, with disproportionate rates of success. Id. ¶¶ 4, 6. Mr. Ali directs Harvard Law School's Criminal Justice Appellate Clinic, and teaches classes on related subjects. Id. ¶ 2. He has litigated dozens of appeals in federal appellate courts, including the Supreme Court. Id. ¶¶ 7-8. Over the course of the litigation, Mr. Ali was assisted by two of MacArthur's legal fellows: David Schmutzer and Megha Ram, both of whom graduated from law school in 2018. Id. ¶ 33.

### 2.

The defendant objects to the rate of $450 per hour that the Magistrate Judge awarded for Mr. Padilla's work. However, the Report's survey of the relevant case law correctly finds that attorneys with experience akin to Mr. Padilla's have been awarded comparable rates in this district. See, e.g., HomeAway.com, Inc. v. City of New York, 523 F. Supp. 3d 573, 598 (S.D.N.Y. 2021) (awarding rates of $375 to $600 per hour for attorneys, some of whom had considerably less experience in civil rights litigation that Mr. Padilla); Robles, 2021 WL 1034773, at *9 (awarding a rate of $475 in a "garden variety" civil rights case). In light of the particular complexity of this case, a rate of $450 for Mr. Padilla is reasonable. This is consistent with the conclusion of the Court of Appeals for the

7

Second Circuit in 2019 that an hourly rate of $450 for a garden variety civil rights case in the Southern District of New York by an experienced attorney was reasonable. Lilly v. City of New York, 934 F.3d 222, 231 (2d Cir. 2019).

While the defendant cites several cases in which courts have awarded lower rates, those cases are distinguishable, either because they are somewhat older than this case; because the attorneys were less experienced; or because the case was not litigated in this district.

### 3.

The defendant objects to the rate of $550 per hour that the Magistrate Judge awarded to Mr. Zelman. However, Mr. Zelman is more experienced than Mr. Padilla, and his experience is highly specialized in this area of the law. Moreover, Mr. Zelman's involvement in the case was largely limited to the area of law in which he was able to offer particularly specialized counsel, namely, the issue of qualified immunity. The rate was consistent with other fee awards in this District. See, e.g., HomeAway.com, 523 F. Supp. 3d at 598. A rate of $550 for these services is therefore reasonable.

### 4.

The defendant objects to the rate of $525 per hour that the Magistrate Judge awarded to Mr. Ali. However, Mr. Ali, while he has been practicing for about as long as Mr. Padilla, has

8

extensive appellate experience, including before the United States Supreme Court. Moreover, his appeals have focused on comparable issues, and the services he rendered were rendered only in the area of his specialization: the appeal phase of the case. In light of this, the rate of $525 for Mr. Ali's services is comparable to other fee awards in this District and is eminently reasonable.

### 5.

The defendant does not object to the rate awarded to Ms. Ram ($250) or Mr. Schmutzer ($150). Those rates are not clearly erroneous, see Sanson v. City of New York, No. 19-cv-2569, 2021 WL 1191566, at *4 (S.D.N.Y. Mar. 30, 2021) (noting that "[r]ates in this district for junior associates range from $200 to $350 per hour at law firms specializing in civil rights"), and the Court therefore adopts them.

### C.
### 1.

The defendant objects to a number of hours billed by Mr. Padilla during the trial, post-trial, and appeal phases of the case. However, the Report correctly found that the defendant's objections to Mr. Padilla's hours during the trial phase were baseless. Mr. Padilla was the only attorney on the case during that phase. Such lean staffing supports the conclusion that Mr. Padilla's hours were efficiently spent. See, e.g., N.Y. Ass'n

for Retarded Child. v. Cuomo, No. 72-cv-356, 2019 WL 3288898, at *7 (E.D.N.Y. July 22, 2019). Moreover, Mr. Padilla largely ceased his substantive work on the case after Mr. Zelman entered an appearance, and the Report correctly found that the hours expended by Mr. Padilla after the close of trial were hours reasonably expended communicating with the client and co-counsel.

**2.**

The defendant objects to a number of hours billed by Mr. Zelman during the post-trial, pre-appeal phase of the case. However, the Report correctly found that those arguments were meritless, because the work conducted by Mr. Zelman was substantive, necessary, and efficient.

The defendant does not object to the hours awarded to Mr. Zelman with respect to the appeal phase of the case. The Magistrate Judge reduced the hours requested by Mr. Zelman by 50% to account for hours that the Magistrate Judge deemed were duplicative or insufficiently documented because the appeal was being prosecuted primarily by Mr. Ali. This reduction was reasonable and no further reduction is warranted. The Magistrate Judge correctly noted that "[t]he essential goal in fee-shifting . . . is to do rough justice, not to achieve auditing perfection." Report at 40 (quoting Fox v. Vice, 563 U.S. 826, 838 (2011)). The Report applied a 50% reduction to the hours

10

billed by Mr. Zelman for the appeal phase of the case, and that was a reasonable reduction.

### 3.

The defendant argues that Mr. Ali's hours should be reduced by 40 hours. The defendant argues that it was excessive to spend over 120 hours conducting legal research, drafting the brief, and preparing for oral argument. But this was a complex appeal of a close issue. Under those circumstances, such extensive preparation and care is not excessive. The defendant also argues that Mr. Ali's entries for travel and attending oral argument were excessive. But the defendant cites no authority to justify such a reduction. This was a case where Mr. Ali had special expertise and pursued an ultimately successful appeal that otherwise would have been forgone. He was located in Washington, D.C., and plainly needed to come to New York for the argument of the appeal. The Report therefore correctly found that Mr. Ali's hours should not be reduced.

### 4.

The defendant seeks a 40% reduction in the hours billed by Ms. Ram and Mr. Schmutzer, on the grounds that many of their entries "lack a clear description of their purpose and appear duplicative." ECF No. 178 at 18. But this request is vague, unsupported, and arbitrary. The Report correctly found that, in light of the complex issues involved in the case, substantial

11

research was necessary. Moreover, prior to seeking compensation for hours billed, Mr. Ali eliminated some of hours billed by these junior lawyers. This "proactive . . . exercis[e of] billing judgment prior to making the demand for attorneys' fees" further indicates that a reduction in the fees requested for the work by Ms. Ram and Mr. Schmutzer is not warranted. See <u>M.C. ex rel. E.C. v. Dep't of Educ. of City of N.Y.</u>, No. 12-cv-9281, 2013 WL 2403485, at *12 (S.D.N.Y. June 4, 2013), <u>report and recommendation adopted</u>, 2013 WL 3744066 (S.D.N.Y. June 28, 2013).

**5.**

The defendant objects to the 75.8 hours that were sought after the filing of the initial declarations in support of the motion for attorney's fees. <u>See</u> ECF No. 165-1, -2, -3. The defendant characterizes those hours as being expended "for the fee application," with a passing comment that the plaintiff "appears to be including other work in these figures." ECF No. 178 at 18. The so-called "other work" includes the work that was expended in responding to the defendant's motion for a new trial or to set aside the verdict. <u>See</u> ECF No. 138. The defendant's mischaracterization of these hours does not alter the fact that a cumulative 75.8 hours expended on two motions is not excessive. The Report was correct not to reduce those hours.

**D.**

The defendant does not object to the Report's award of costs. Because there was no clear error as to the costs, the award of costs is also adopted.

### Conclusion

The Court has considered all of the arguments of the parties. To the extent not otherwise addressed, the arguments are either moot or without merit. For the foregoing reasons, the objections to the Report are overruled and the Court adopts the Report in its entirety. Therefore, the plaintiff is entitled to an award of $395,835.54 in attorney's fees and costs. The Clerk is directed to close ECF No. 178 and to close this case.

SO ORDERED.
Dated:     New York, New York
           April 26, 2022

                                     _____
                                          John G. Koeltl
                                     United States District Judge